# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| MELQUIADES HERNANDEZ, #1924943, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-2426-N-BK |
| | § | |
| LORIE DAVIS, Director, TDCJ-CID, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

## I. BACKGROUND

In 2014, Petitioner was convicted of continuous sexual abuse of a young child and was sentenced to 60 years' imprisonment. *Hernandez v. State*, No. F13-55932 (Crim. Dist. Court No. 1, Dallas Cty. 2014), *aff'd* No. 05-14-00495-CR, 2015 WL 1897811 (Tex. App. – Dallas, Apr. 27, 2015, pet ref'd). He unsuccessfully sought state habeas relief. His first application was denied without written order. *Ex parte Hernandez*, No. WR-85,985-01 (Tex. Crim. App. Dec. 14, 2016). His second application was dismissed as successive. *Ex parte Hernandez*, No. WR-85,985-02 (Tex. Crim. App. Mar. 29, 2017).[1]

---

[1] The online docket sheets are available at http://search.txcourts.gov/Case.aspx?cn=WR-85,985-02&coa=coscca and http://search.txcourts.gov/Case.aspx?cn=WR-85,985-02&coa=coscca (both last visited November 7, 2017).

On September 12, 2017, Petitioner filed this federal habeas petition.[2] Doc. 3. As his federal petition appeared untimely, the Court directed Petitioner to respond regarding the application of the one-year limitations period. Petitioner has now filed his response. Doc. 8. [3]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-329 (5th Cir. 1999).

A. One-Year Statute of Limitations

Petitioner filed his federal petition well beyond the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Petitioner's conviction became final on February 2, 2016 – 90 days after the Texas Court of Criminal Appeals refused his petition for discretionary review on November 4, 2015.[4] *See* Sup. Ct. R. 13(1) and (3); *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003). Thus, as of the filing of his first state habeas application

---

[2] The federal petition is deemed filed on September 6, 2017, the date on which Petitioner certified signing and placing it in the prison mail system. See Doc. 3 at 13; Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

[3] The dates listed in this recommendation were verified through information available on the state court Internet web pages and the electronic state habeas record obtained through the TCCA.

[4] The online docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=PD-0627-15&coa=coscca (last visited November 7, 2017).

on September 7, 2016, 217 days of the one-year limitations period had elapsed.[5]  The state

application remained pending until its denial on December 14, 2016, statutorily tolling the one-

year limitations period during its pendency.  28 U.S.C. § 2244(d)(2) (statutory tolling available

during pendency of properly filed state application).  The one-year period resumed running on

December 15, 2016, and an additional 43 days elapsed by the time Petitioner filed his second

state habeas application on January 27, 2017.  That application remained pending until its

dismissal as a successive application on March 29, 2017, statutorily tolling the limitations period

during its pendency.  *See Villegas v. Johnson,* 184 F.3d 467, 469-70 (5th Cir.1999) (holding that

state application dismissed as successive was properly filed and, thus, qualified for statutory

tolling if filed before the limitations period expired).  At that point 310 days of the one-year

limitations period had already elapsed.

Given the foregoing events, the one-year limitations period expired on July 12, 2017,

more than 55 days before the federal petition was signed on September 6, 2017.  Consequently,

the federal petition is outside the one-year limitations period under section 2244(d)(1)(A).

In response to this Court's order to respond, Petitioner asserts that his first state habeas

application was dismissed as non-complaint under Texas Rule of Appellate Procedure 73.1(a)

and, as a result, his second application should be treated as an amended application, not a

successive petition.  Doc. 8 at 2.  He explains that his first application was filed on an outdated

---

[5] The state application is deemed filed on September 7, 2016, the date on which Petitioner signed
it and likely also handed it to prison officials for mailing.  *See Richards v. Thaler*, 710 F.3d 573,
579 (5th Cir. 2013) (holding prison mailbox rule applies to state habeas application); *see also Ex
parte Hernandez*, No. W1355932A, *Application for Writ* (Crim. Dist. Court No. 1, Dallas Cty.,
Tex., filed Sep. 28, 2016), available at http://courtecom.dallascounty.org/publicaccess/
(last visited October 11, 2017).

form that he had received at his unit law library, hence "[i]t was a mistake" and "Petitioner is not at fault." Doc. 8 at 4. However, the TCCA did not dismiss Petitioner's first application as non-compliant. Indeed, both the TCCA's website and electronic state court record confirm that Petitioner's first application was "denied without written order" on December 14, 2016.[6] No. WR-85,985-01.

Moreover, Petitioner's suggestion that the one-year period began in April 2017 – at the conclusion of his state post-conviction proceedings when the TCCA dismissed his second state application, Doc. 8 at 4 – is baseless. The AEDPA one-year period commences upon the conclusion of <u>direct review</u> of a judgment of conviction or upon the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). The running of the limitations period is simply suspended while state post-conviction proceedings are pending in any state court. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). *See also Gonzalez v. Thaler*, 623 F.3d 222, 225 (5th Cir. 2010) (distinguishing the AEDPA's "tolling provision, § 2244(d)(2)" from its "triggering provision, § 2244(d)(1)").

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable. Petitioner alleges no state-created impediment that prevented timely filing of his claims, does not

---

[6] Petitioner apparently relies on the state's response and trial court's finding that the first state application had been filed on an outdated version of the 11.07 form and, thus, was not compliant. But, as previously noted, the TCCA did not dismiss on that basis and instead denied the petition on the merits.

base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final. Consequently, the federal petition is clearly outside the one-year statute of limitations absent equitable tolling.

B. Equitable Tolling

Petitioner's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

Furthermore, this is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). As noted, Petitioner waited more than seven months (217 days) after his conviction first became final on February 2, 2016, before he filed his first state habeas application on September 7, 2016. *See Koumjian v. Thaler*, 484 Fed. Appx. 966, 969 (5th Cir. 2012) (collecting cases holding that delays of as little as four and six months precluded a finding of diligence). Petitioner also did not promptly file his second application and instead waited 43 days after the denial of the first application on December 14, 2016, before he submitted the second one on January 27, 2017. Additionally,

Petitioner delayed filing his federal petition by another 160 days. These extended periods of inactivity clearly indicate lack of due diligence. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). A litigant cannot wait until near a deadline to make a filing, and then seek equitable tolling when something goes wrong. *See Johnson v. Quarterman*, 483 F.3d 278, 287-288 (5th Cir. 2007) (filing on last day and encountering court computer problem that prevented filing lacked due diligence). Leaving little margin for error, as Petitioner did in this case when he delayed the filing of the first application and then his federal petition, is not cautious and, clearly, is not diligent.

Finally, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices to establish a rare and exceptional circumstance for purposes of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling).

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus

be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28

U.S.C. § 2244(d)(1).

**SIGNED** November 7, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE